**UNITED STATES DISTRICT COURT**
for the
Southern District of Texas
Galveston Division

| | | |
|---|---|---|
| Lauree Thomas,<br>    Plaintiff,<br><br>-v-<br><br>Majka Woods, Jeffrey L. Susman,<br>Philesha Evans, Charles P. Mouton,<br>Jochen Reisner, and John Zerwas,<br>in their official and/or individual<br>capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>JUL -3 2025<br><br>Nathan Ochsner, Clerk of Court |

**COMPLAINT FOR RACE AND AGE DISCRIMINATION AND RETALIATION**
**(Title VII of the Civil Rights Act of 1964, as amended, and the ADEA)**

## I. INTRODUCTION

1. This is an action for race, gender, and age discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Texas Labor Code. Plaintiff, Dr. Lauree Thomas, is a 72-year-old African-American woman who dedicated 23 years of distinguished service to The University of Texas Medical Branch at Galveston ("UTMB") as an Associate Dean and Professor of Medicine. Despite her exemplary record, Dr. Thomas was systematically excluded from her professional duties, locked out of her office, denied usual and customary opportunities provided to similarly situated employees, and ultimately terminated under the pretext of legislative changes.

1

Defendants' actions constitute unlawful discrimination and retaliation, causing Dr. Thomas significant economic and emotional harm.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 2000e-5(f)(3) (Title VII), and 29 U.S.C. § 626(c) (ADEA).

3.  Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), as the unlawful employment practices occurred in this district.

## III. THE PARTIES TO THIS COMPLAINT

**4.  The Plaintiff**

Lauree Thomas, MD
2618 Swift Creek Drive
League City, Galveston County
Texas 77573
(832) 414-8707
tlauree7@gmail.com

**5.  The Defendants**

In their individual and official capacity, implemented, retained and carried out random and unauthorized action that violated the rights of Dr. Lauree Thomas.

**Defendant No. 1**

Majka Woods, PhD
Vice Dean of Academic Affairs
Office of Academic Affairs
The University of Texas Medical Branch
John Sealy School of Medicine
301 University Blvd
Galveston, Galveston County
Texas 77555
(409) 772-3619
majwoods@utmb.edu

**Defendant No. 2**

Jeffrey L. Susman, MD

2

Former Dean, ad interim
Senior Associate Dean of Educational Performance
Office of Academic Affairs
The University of Texas Medical Branch
John Sealy School of Medicine
301 University Boulevard
Galveston, Galveston County
Texas   77555
(409) 772-3619
jlsusman@utmb.edu

**Defendant No. 3**

Philesha A. Evans, MBA, SHRM-SCP, SPHR
Associate Vice President, Human Resources Operation
Interim Chief, Human Resources Officer
The University of Texas Medical Branch
John Sealy School of Medicine
301 University Blvd
Galveston, Galveston County
Texas 77555
(409) 772-8696
paevans@utmb.edu

**Defendant No. 4**

Charles P. Mouton, MD, MS, MBA
Executive Vice President, Provost and Dean
The University of Texas Medical Branch
John Sealy School of Medicine
301 University Blvd
Galveston, Galveston County
Texas 77555
(409) 772-5430
cpmouton@utmb.edu

**Defendant No. 5**

Jochen Reisner, MD, PhD
President of The University of Texas Medical Branch
John Sealy School of Medicine
301 University Blvd
Galveston, Galveston County
Texas 77555
(409) 772-1902
jreiser@utmb.edu

**Defendant No. 6**
John Zerwas, MD, FASA
Chancellor, ad interim, The University of Texas System
210 West 7th Street
Austin, Travis County
Texas 78701-2982
(512) 499-4201
chancellorzerwas@utsystem.edu

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**6.** Dr. Thomas timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race, gender, age discrimination, and retaliation.

**7.** Dr. Thomas received a Notice of Right to Sue from the EEOC on April 9, 2025, and this action is filed within ninety (90) days of receipt.

## V. STATEMENT OF FACTS

### Background and Employment History

**8.** Dr. Thomas is a 72-year-old African-American woman who served UTMB with distinction for 23 years in various senior administrative and academic roles.

**9.** From August 2001 through June 2014, Dr. Thomas served as Associate Dean for Student Affairs & Admissions, and in a regular academic department position.

**10.** Throughout her tenure, Dr. Thomas maintained exemplary performance ratings and received recognition for her service and dedication to students.

**11.** From June 2014 through December 2020, Dr. Thomas served as Associate Dean for Career Counseling, appointed by Dean Danny Jacobs; and maintained her appointment as a full professor in the Department of Medicine.

**12.** From December 2020 through April 2023, Dr. Thomas served as Associate Dean for Student Diversity, Health, Inclusion & Equity, supervising diversity initiatives across all five UTMB/JSSOM schools under Chief Diversity Officer Dr. Alfredo Torres.

**Legislative Changes and UTMB's Assurances**

**13.** In June 2023, the Texas Legislature passed Senate Bill 17, which prohibited UTMB from "establish[ing] or maintain[ing] a [diversity, equity, and inclusion] office."

**14.** Despite SB 17's passage, Carolanda Woodgett, JD, ("Attorney Woodgett") head of UTMB's Legal Department, repeatedly informed employees that UTMB and the UT System remained committed to diversity, equity, and inclusion goals.

**15.** Attorney Woodgett specifically emphasized that in the reorganization process, no employee should lose their job as a result of the restructure.

**16.** Texas Education Code § 51.3525 provided institutions flexibility to reassign DEI staff to alternative positions rather than terminate their employment.

**Systematic Exclusion and Adverse Actions**

**17.** In January 2023, Dr. Thomas received a meeting request from Dr. Woods and Dr. Susman regarding DEI activities, but they did not meet due to COVID-19 concerns.

**18.** On April 21, 2023, Dr. Thomas met with Drs. Susman and Woods regarding DEI activities across all five schools.

**19.** In April 2023, Dr. Woods informed Dr. Thomas that she would report to Dr. Woods beginning May 2023.

**20.** From May 2023 through September 18, 2023, under Vice Dean Majka Woods's supervision, Dr. Thomas was systematically excluded from all functions of the Office of Academic Affairs. Specifically, during that period: (a) she was not assigned any senior-

level duties or responsibilities; (b) she received no invitations to Academic Affairs meetings nor allowed to participate on any committees; and (c) she had no introductory or supervisory meetings with Dr. Woods—or with fellow assistant/associate deans and Academic Affairs staff—despite UTMB's standard integration protocol for new reporting relationships.

**21.**   On September 18, 2023, Vice Dean Majka Woods met with Dr. Thomas to discuss her future employment and informed her that her position would be eliminated effective January 1, 2024, but that UTMB remained committed to the goals of diversity.

**22.**   On September 21, 2023, Former Dean ad interim Jeffrey L. Susman met with Dr. Thomas to explore potential Diversity, Equity, and Inclusion ("DEI") initiatives and goals, relying on prior assurances from General Counsel Carolanda Woodgett that UTMB and the UT System remained committed to DEI objectives.

**23.**   On November 8, 2023, drawing on information obtained in meetings, Dr. Thomas emailed Dr. Woods a proposal to re-title her role as the Office of Student Engagement, Cultural, and Professional Development, thereby preserving her duties and institutional initiatives.

**24.**   Later that same day, Dr. Woods replied, "We do not have an office needing a new name," and clarified that Dr. Thomas's former office fell under the Office of Faculty Affairs and Professional Development ("OFAPD"), which is not part of the John Sealy School of Medicine.

**25.**   On December 8, 2023, UTMB issued Dr. Thomas a formal Notice of Elimination, effective January 1, 2024, expressly citing Texas Senate Bill 17 as the justification for terminating her position.

**26.** Also, on December 8, 2023—despite her continuing status as an employee through January 1, 2024—Dr. Thomas was: (a) denied access to her office; (b) denied email access; (c) escorted off campus; and (d) initially offered only two months' severance (contrary to UTMB's customary practice of extending service through August 31, 2024, with commensurate severance).

**27.** Dr. Thomas was further denied the professional courtesies routinely afforded departing senior administrators, including a campus-wide departure announcement and a token of appreciation for her 23 years of service.

**28.** On January 25, 2024, Dr. Thomas received a second "Notice of Elimination" extending Dr. Thomas's termination date to February 28, 2024, with a handwritten note from Dr. Woods stating, "Please note this is being sent at the request of HR." It should be noted that the letter was dated January 12, 2024 with a postmark date of January 23, 2024.

**29.** On February 21, 2024, Dr. Thomas filed an internal complaint against Dr. Woods and UTMB/JSSOM challenging these discriminatory actions.

**30.** On February 28, 2024, after Dr. Thomas inquired about possible employment opportunities at UTMB, HR notified Dr. Thomas of three open UTMB positions.

**31.** Dr. Thomas's inquiries to HR about alternative positions which yielded only three (3) positions at pay grades approximately thirty (30) percent below her current salary and unrelated to her expertise and qualifications.

**Disparate Treatment and Discrimination**

**32.** Initially, other UT System DEI employees at McGovern Medical School (UT-Houston), UT-Southwestern, UT-San Antonio, and UT-Tyler were reassigned to

comparable positions or invited to reapply for positions under Texas Education Code § 51.3525.

**33.** At that time, no other UT System DEI administrator was terminated or eliminated without opportunity for reassignment to a comparable position.

**34.** Dr. Thomas, as a 72-year-old African American woman and one of the very few African-American women at her senior administrative rank within the UT System, was the only DEI administrator eliminated without efforts to retain her services in a comparable position.

**35.** UTMB/JSSOM, made no good faith effort to reassign Dr. Thomas to a position commensurate with her qualifications, experience, and salary level, despite the availability of such positions and the Legal Department's assurances that no one would lose their job.

## VI. CAUSES OF ACTION

### COUNT I - RACE, GENDER, AND AGE DISCRIMINATION
### (Title VII, ADEA, Texas Labor Code)

**36.** Dr. Thomas incorporates by reference all preceding paragraphs.

**37.** Plaintiff is a member of protected classes based on race (African-American), gender (female), and age (over 40).

**38.** Dr. Thomas was qualified for her administrative and faculty positions and performed her duties satisfactorily throughout her twenty-three-year tenure. Her rights as a full faculty member and employee were violated. UTMB/JSSOM did not follow its

own policies and protocols for customary institutional separation for long-term accomplished senior level administrators and faculty.

**39.** Dr. Thomas suffered adverse employment actions, including demotion, exclusion from duties and responsibilities, ultimate termination, and inappropriate severance pay remuneration.

**40.** Similarly situated employees outside Dr. Thomas's protected class were treated more favorably, as evidenced by the reassignment opportunities provided to other UT System DEI administrators.

**41.** Defendants stated reasons for Dr. Thomas's termination are pretextual, as evidenced by: (a) the Legal Department's assurances that no employee would lose their job; (b) the availability of reassignment opportunities under Texas Education Code § 51.3525; (c) the disparate treatment afforded other UT System DEI employees; and (d) the temporal proximity to her prior EEOC charge and internal complaint.

**COUNT II - RETALIATION** (Title VII, ADEA, Texas Labor Code)

**42.** Dr. Thomas incorporates by reference all preceding paragraphs.

**43.** Defendants' actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

**44.** Dr. Thomas engaged in protected activity by filing an EEOC Charge of Discrimination on January 17, 2014, and an internal complaint on February 21, 2024.

**45.** Dr. Thomas suffered materially adverse employment actions—systematic exclusion from her duties, effective demotion, and eventual termination—and was denied the severance compensation to which she was entitled.

**46.** A causal connection exists between Dr. Thomas's protected activities and the adverse employment actions, as evidenced by the timing and disparate treatment compared to other similarly situated employees

## VII. DAMAGES

**47.** As a direct and proximate result of Defendants' unlawful conduct, Dr. Thomas was forced into premature retirement, has suffered and continues to suffer damages including but not limited to:

a. Loss of wages, salary, and benefits from December 8, 2023, to present and continuing;

b. Loss of future earnings and career advancement opportunities;

c. Emotional distress, humiliation, and injury to reputation;

d. Loss of professional standing and career prospects; and

e. Other economic and non-economic damages to be proven at trial.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court:

**A.** Declare that Defendants' conduct violated Title VII of the Civil Rights Act of 1964;

**B.** Award Dr. Thomas back pay with prejudgment interest from December 8, 2023, through judgment;

**C.** Award Dr. Thomas front pays or, in the alternative, reinstatement to a position commensurate with her qualifications and experience;

**D.** Award Dr. Thomas compensatory damages for emotional distress and other non-economic injuries;

**E.** Award Dr. Thomas punitive damages;

**F.** Award Dr. Thomas reasonable fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

**G.** Award pre- and post-judgment interest; and

**H.** Grant such other and further relief as this Court deems just and proper.

F. Provision of suitable press recognition and a commemorative gift from the Dean's Office in lieu of a retirement celebration;

G. A permanent non-disparagement order prohibiting UTMB or its agents from making adverse or derogatory statements about Dr. Thomas;

H. Payment for the full value of her accrued six (6) months of sick leave;

I. Compensation for emotional distress, reputational harm, and other non-pecuniary losses caused by Defendants' discrimination and retaliation;

J. An award of Plaintiff's reasonable consultant/attorneys' fees, costs of suit, and expert fees pursuant to 42 U.S.C. § 1988 and any other applicable statute;

K. Pre- and post-judgment interest on all monetary awards;

L. Designation of Dr. Thomas as "Professor Emeritus" effective January 31, 2025, with the customary honors and privileges accorded that title; and

L. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

The Plaintiff requests trial by jury.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: July 3, 2025

Respectfully submitted,

*Lauree Thomas*

Lauree Thomas, Pro Se
2618 Swift Creek Drive
League City, Texas 77573
(832) 414-8707
tlauree7@gmail.com