United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| LAUREE THOMAS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00209 |
| | § | |
| MAJKA WOODS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER, MEMORANDUM AND RECOMMENDATION

There are three motions pending before me in this employment discrimination case: (1) Defendants' motion to dismiss (Dkt. 14); (2) Defendants' motion to stay discovery pending a ruling on their motion to dismiss (Dkt. 21); and (3) Plaintiff's motion for leave to file a first amended complaint (Dkt. 28). Additionally, Plaintiff has filed letters with the court complaining of "a systematic pattern of dilatory conduct designed to frustrate discovery in this employment discrimination case," Dkt. 30 at 1, and improper service of Defendants' correspondence. *See* Dkt. 31. I begin by addressing Plaintiff's motion for leave to file an amended complaint.

## PLAINTIFF'S MOTION FOR LEAVE[1]

In her original complaint, Plaintiff asserts claims of race, gender, and age discrimination and retaliation under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Texas Labor Code against five administrative officials ("the Individual Defendants") at the University of Texas Medical Branch ("UTMB") in their individual and official capacities. On August 18, 2025, the Individual Defendants filed a motion to dismiss. *See* Dkt. 14. In that motion, the Individual Defendants argue that (1) sovereign immunity bars Plaintiff's official

---

[1] Generally, a motion for leave to amend the pleadings squarely falls within a magistrate judge's authority to issue orders on non-dispositive matters. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

capacity ADEA and Texas Labor Code claims; (2) there is no individual liability under Title VII, the ADEA, or the Texas Labor Code; (3) the Election of Remedies provision also bars Plaintiff's Texas Labor Code claims; and (4) Plaintiff fails to state claims for discrimination and retaliation.

Plaintiff now wants to amend her complaint "to address jurisdictional concerns raised in Defendants' Motion to Dismiss and to add federal civil rights claims that provide viable paths for relief." Dkt. 28 at 1. Through her amended complaint, Plaintiff would (1) add UTMB, the institution, as a defendant; (2) drop her Texas Labor Code claims entirely; (3) add claims under 42 U.S.C. §§ 1981, 1983 against the Individual Defendants and UTMB; and (4) seek declaratory and "injunctive relief requiring UTMB to adopt nondiscriminatory practices, reinstate DEI positions, and protect complainants." Dkt. 28-1 at 8.

Plaintiff indicates in her motion for leave to file a first amended complaint, which she filed on September 11, 2025, that she "attempted to confer with Defendants' counsel regarding this Motion. Defendants indicated they would oppose the Motion." Dkt. 28 at 7. On the same day she filed her motion for leave, Plaintiff also filed a copy of a September 8, 2025 letter that she emailed to the Individual Defendants' counsel, requesting consent to file her amended complaint. *See* Dkt. 29.

I am disappointed that the Individual Defendants' counsel did not consent to Plaintiff's request. As the Individual Defendants' counsel is aware, Plaintiff could have filed her amended complaint on September 8, 2025, without the opposing parties' consent.[2] The decision to grant or deny leave to amend is technically "within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). Yet, the Federal Rules provide that a district "court should freely give leave when justice so requires." Fed. R. Civ. P.

---

[2] The Individual Defendants filed their motion to dismiss on August 18, 2025. *See* Dkt. 14. Plaintiff had 21 days—or until September 8, 2025—to amend her complaint "once as a matter of course," without leave of court. Fed. R. Civ. P. 15(a)(1)(B).

15(a)(2); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." (quotation omitted)). As I have stated before, "it is my standard practice to allow the plaintiffs in every case the opportunity to re-plead once." *Herring v. Trueblue People Ready, Inc.*, No. 4:21-cv-00260, 2021 WL 11678944, at *1 (S.D. Tex. Nov. 15, 2021). When, as here, a pro se plaintiff asks to amend a complaint for the first time before a scheduling order is even entered, I will allow amendment 100 out of 100 times. Thus, Plaintiff's motion for leave to file a first amended complaint (Dkt. 28) is granted. The Clerk will file Dkt. 28-1 onto the docket as Plaintiff's First Amended Complaint. Plaintiff has 90 days to serve UTMB. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(j)(2) (setting forth procedures for service on a state entity).

### THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS[3]

Because Plaintiff has amended her complaint, the Individual Defendants' motion to dismiss (Dkt. 14) is arguably moot. The Individual Defendants raise several points regarding subject matter jurisdiction, however, that are clear cut matters of law. Accordingly, I will resolve the straightforward jurisdictional issues raised in the Individual Defendants' motion to dismiss.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Plaintiff incorrectly asserts that "Defendants bear the burden of proving that the Court lacks subject matter jurisdiction." Dkt. 23 at 2. Not so. "The burden of

---

[3] A motion to dismiss is a dispositive pretrial matter for which a magistrate judge may issue only a recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Ga. Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation modified). For the reasons discussed below, there are no facts that Plaintiff could plead, and no argument Plaintiff could make, to give this court subject matter jurisdiction over (1) her ADEA, § 1981, and § 1983 claims against UTMB and the Individual Defendants in their official capacities; or (2) her individual-capacity Title VII and ADEA claims against the Individual Defendants.

## A.    ELEVENTH AMENDMENT IMMUNITY

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citation modified). It is black letter law that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's official-capacity claims against the Individual Defendants are really just claims against UTMB.

"Branches of the University of Texas . . . are agencies of the State and thus are entitled to the same governmental immunity from suit or liability as the State of Texas." *Perry v. Tex. A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.). Plaintiff's "claims against [the Individual Defendants in their official capacities, and thus, UTMB are] . . . equivalent, for purposes of sovereign immunity, to claims against the state of Texas." *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 838 (S.D. Tex. 2003).

"Congress has not abrogated Eleventh Amendment immunity from ADEA claims, and Texas has not voluntarily waived its immunity." *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x. 391, 395 (5th Cir. 2007); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign

immunity to suits by private individuals."). "Congress [also] has not abrogated state sovereign immunity under . . . § 1983." *Raj*, 714 F.3d at 328 (citation modified). Section 1981 also "contains no congressional waiver of the state's eleventh amendment immunity." *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981). Nor has Texas waived its sovereign immunity from money damages sought in a § 1981 or § 1983 claim. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (Texas "and its officials sued in their official capacities are immune from money damages sought in a Section 1983 claim unless they waive their immunity."); *Jackson v. Tex. Forest Serv.*, 194 F. Supp. 2d 566, 570 (E.D. Tex. 2001) ("The State of Texas has not waived its sovereign immunity, thus [Plaintiff]'s § 1981 claim is barred by the Eleventh Amendment.").

Because the Individual Defendants in their official capacities—and thus, UTMB—enjoy sovereign immunity from Plaintiff's ADEA, § 1981, and § 1983 claims for money damages, those claims should be dismissed without prejudice. *See Ramming*, 281 F.3d at 161 ("The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits.").

## B.    NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADEA

The Fifth Circuit "has held that there is no individual liability for employees under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). The Fifth Circuit has also held that "the ADEA provides no basis for individual liability." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001). Because neither Title VII nor the ADEA provides for individual liability, Plaintiff's individual-capacity claims against the Individual Defendants should also be dismissed.[4]

---

[4] "Sovereign immunity does not bar [Plaintiff]'s Title VII claims, as [the Fifth Circuit has] long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n.1 (5th Cir. 2002). Thus, Plaintiff may proceed with her Title VII claims against UTMB. As explained, official-capacity claims are essentially a single claim against UTMB.

What remains of Plaintiff's First Amended Complaint is this: (1) Plaintiff's Title VII race discrimination, gender discrimination, and retaliation claims against UTMB; (2) Plaintiff's individual-capacity § 1981 and § 1983 claims against the Individual Defendants; and (3) Plaintiff's claims for declaratory and prospective injunctive relief against the Individual Defendants. I express no opinion on the merits of these claims. Rather, I clarify what remains of Plaintiff's First Amended Complaint so that the parties will focus on these remaining claims.

The Individual Defendants' counsel is on vacation through September 30, 2025. *See* Dkt. 27. Accordingly, I will extend the deadline for the Individual Defendants to file a motion to dismiss or otherwise respond to the First Amended Complaint to October 15, 2025. That leaves the Individual Defendants' motion to stay discovery.

## THE INDIVIDUAL DEFENDANTS' MOTION TO STAY DISCOVERY[5]

The Individual Defendants move to "stay discovery until the various immunity defenses and other dispositive legal arguments have been resolved, including any potential appeals." Dkt. 21 at 1. Specifically, the Individual Defendants assert "that sovereign immunity bars Plaintiff's official-capacity ADEA and Texas Labor Code claims." *Id.* at 2. I have already recommended that Plaintiff's ADEA claims be dismissed, and Plaintiff has dropped her Texas Labor Code claims with her First Amended Complaint. Thus, the bases for the Individual Defendants' motion to stay discovery are moot. Moreover, the Individual Defendants acknowledge that there is no sovereign immunity from Plaintiff's official-capacity Title VII gender discrimination, race discrimination, and retaliation claims. *See id.* at 4. Accordingly, the Individual Defendants' motion to stay discovery is denied.

## PLAINTIFF'S ALLEGATIONS OF DELAY

The next thing I must address is Plaintiff's Response to Informal Discovery Extension Request and Opposition to Defendants' Pattern of Dilatory Tactics.

---

[5] Discovery issues are non-dispositive matters that magistrate judges may rule on by order. *See Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Dkt. 30. Plaintiff complains that "[r]ather than filing a formal motion seeking judicial relief, Defendants have attempted to secure a 23-day discovery extension through informal correspondence while simultaneously engaging in a coordinated pattern of procedural manipulation." *Id.* at 1.[6] Because Plaintiff is proceeding pro se, I will allow some grace. But I want to make a few things clear.

First, "the court expects that the parties will make a serious attempt to resolve all discovery issues *without court intervention*." Rule 7, Galveston Division Rules of Practice (emphasis added) . The court does not want parties to file formal motions for simple matters like requests for extensions of time.[7] To the contrary, the court wants parties to work cooperatively and professionally to advance the case, including through "informal correspondence." Dkt. 30 at 1. Going forward, Plaintiff should extend the same courtesy to Defendants' counsel that the court expects Defendants' counsel to extend to Plaintiff when discussing matters that can easily be resolved through agreement. Plaintiff should not "direct[] all matters to formal court procedures." *Id.* at 2. That is not an option under this court's procedures, which *require* the parties to agree as much as possible *without* involving the court.

Second, Plaintiff suggests that the Individual Defendants' requests—to stay discovery, to substitute counsel, and for a three-week vacation notice— demonstrate "strategic coordination rather than legitimate case management needs." *Id.* at 2. Not so. As shown above, the Individual Defendants are not entitled to such a stay at this time, but there was nothing improper about asking for one. Moreover, the Office of the Texas Attorney General—an office with more than 750 attorneys in 38 divisions and 117 offices across the state of Texas—must routinely

---

[6] The Individual Defendants' discovery responses are due September 22, 2025. The Individual Defendants' counsel has requested an extension until October 15, 2025, to respond to the outstanding discovery.

[7] Plaintiff should not have opposed the Individual Defendants' reasonable request for a 14-day extension to respond to Plaintiff's original complaint. *See* Dkt. 6 at 3.

substitute counsel when personnel changes require it. There is nothing improper or dilatory about doing so.

Regarding the vacation notice filed by the Individual Defendants' counsel, *see* Dkt. 27, I admit that three weeks is a rather lengthy vacation. But Plaintiff should rest assured that, on September 9, 2025, the Individual Defendants' counsel filed identical vacation letters in two separate cases before two separate judges in another federal district court in Texas. *See* Notice, *Liao v. Univ. of Tex. at San Antonio*, No. 5:22-cv-1359 (W.D. Tex. Sep. 9, 2025), ECF No. 70; Notice, *Brauckmiller v. Univ. of Tex. at San Antonio*, 5:23-cv-1182 (W.D. Tex. Sep. 9, 2025), ECF No. 129. Thus, there was no gamesmanship—the Individual Defendants' counsel simply needs a vacation. Lawyers are people, too. As Plaintiff will learn when she attends the initial scheduling conference next month, this court respects vacation requests when "they are made well in advance of a trial setting or hearing date." Rule 3, Galveston Division Rules of Practice.

I trust that Plaintiff and Defendants' counsel—both highly educated and professionally licensed—will work cooperatively without court intervention going forward. For now, I will extend the deadline for the Individual Defendants to respond to the outstanding discovery requests until October 15, 2025. Before either party seeks this court's intervention again, be advised: This court will not tolerate contumacious conduct from attorneys *or* pro se litigants.

## PLAINTIFF'S CONCERNS REGARDING SERVICE

Finally, I must address Plaintiff's concerns regarding service. On September 15, 2025, Plaintiff filed a letter complaining that the September 9, 2025 vacation notice filed by Defendants' counsel (Dkt. 27) "was addressed and delivered to an individual not associated with this case." Dkt. 31 at 1. Attached to Plaintiff's letter is a September 13, 2025 email to Plaintiff, from the individual to whom the notice was addressed, notifying Plaintiff of the improperly addressed correspondence. *See id.* at 4. Plaintiff requests that the court (1) "take notice of the improper service"; (2) "direct counsel to ensure strict compliance with all applicable service

8

rules in the future"; and (3) "confirm, if necessary for the record, that any deadlines triggered by receipt of Defendants' September 9, 2025 correspondence shall run from the date the Plaintiff actually received it." *Id.* at 1–2 (citation modified).

It is not lost on me that, on September 11, 2025—two days *before* learning through that September 13, 2025 email that Defendants' counsel's vacation notice was incorrectly mailed to someone else—Plaintiff demonstrated her knowledge of the September 9, 2025 vacation notice. *See* Dkt. 30 at 2 ("**September 9, 2025:** New counsel immediately filed vacation notice through September 30, 2025 (ECF No. 27)."). Thus, Plaintiff was not prejudiced by the Office of the Attorney General's mistake in sending a vacation notice to a wrong address.

I take service issues seriously, particularly where pro se litigants are concerned. *See, e.g.*, *McMurrin v. M.D. Anderson Servs. Corp.*, No. 3:22-cv-00183, 2024 WL 4804064, at *1 (S.D. Tex. Nov. 15, 2024) (sua sponte resetting deadlines for a pro se litigant where the defendant failed to properly effectuate service). And I take the merits of Plaintiff's case seriously. But it is a waste of this court's time and resources to address petty disputes. I encourage Plaintiff to limit her future filings to meritorious issues that deserve the court's attention. That said, Defendants' counsel should take care to ensure that service is addressed correctly.

## CONCLUSION

For the reasons discussed above, I grant Plaintiff's motion for leave to file a first amended complaint (Dkt. 28). The Clerk will file Dkt. 28-1 onto the court's docket as Plaintiff's First Amended Complaint. Plaintiff's deadline to serve UTMB is <u>Monday, December 15, 2025</u>.

I recommend the court grant the Individual Defendants' motion to dismiss (Dkt. 14) as to (1) Plaintiff's ADEA claims against the Individual Defendants in their official capacities; and (2) her Title VII and ADEA claims against the Individual Defendants in their individual capacities. In all other respects, the Individual Defendants' motion to dismiss should be denied as moot. I further recommend that the court sua sponte dismiss (1) Plaintiff's § 1981 and § 1983

claims against the Individual Defendants in their official capacities; and
(2) Plaintiff's ADEA, § 1981, and § 1983 claims against UTMB, based on Eleventh
Amendment immunity.

Plaintiff's live claims are her: (1) Title VII race discrimination, gender
discrimination, and retaliation claims against UTMB; (2) individual-capacity
§ 1981 and § 1983 claims against the Individual Defendants; and (3) claims for
declaratory and prospective injunctive relief against the Individual Defendants.
The Individual Defendants must file a motion to dismiss or otherwise respond to
the First Amended Complaint by <u>Wednesday, October 15, 2025</u>.

I deny the Individual Defendants' motion to stay discovery (Dkt. 21). I trust
that the parties will reasonably agree to modest deadline extensions in the future.
The deadline for the Individual Defendants to respond to the outstanding
discovery requests is Wednesday, October 15, 2025.

The parties have 21 days from the filing of this Memorandum and
Recommendation—until Tuesday, October 7, 2025—to file written objections.[8]
Failure to file timely objections will preclude appellate review of factual findings
and legal conclusions, except for plain error.

SIGNED this **17th** day of September 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[8] Objections are normally due 14 days after a magistrate judge files a memorandum and
recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). District courts,
however, have discretion to extend the deadline to file objections. *See U.S. Bank Tr. Nat'l
Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 320 (5th Cir. 2024). Because
Defendants' counsel is on vacation through September 30, 2025, the court will exercise
its discretion and give the parties extra time to file any objections.