**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| LAUREE THOMAS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00209 |
| | § | |
| MAJKA WOODS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

The live pleading is Plaintiff Lauree Thomas's First Amended Complaint. *See* Dkt. 33. Defendants have filed a Motion to Dismiss Plaintiff's [First] Amended Complaint. *See* Dkt. 54. In her response to the motion to dismiss, Thomas introduces new factual allegations and legal theories not contained in her First Amended Complaint. As a general rule, factual allegations and legal theories raised for the first time in a response to a motion to dismiss are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.").

As part of her response to the motion to dismiss, Thomas asks for an opportunity to amend her complaint in the event her live pleading is deficient. Given Thomas's pro se status, *see Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979), and a district court's obligation to freely grant leave to allow a plaintiff to file an amended complaint when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), I will give Thomas yet another chance to amend her complaint.[1] This is a third bite at the apple. Thomas should include in the Second Amended Complaint **all** factual

---

[1] A motion for leave to amend is a nondispositive pretrial matter properly decided by a magistrate judge. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851 (5th Cir. 2010).

allegations and legal theories she seeks to advance in this case. To be clear, this is the last chance Thomas will have to amend her complaint before I test the sufficiency of the complaint on a motion to dismiss.

Thomas's Second Amended Complaint must be filed by December 12, 2025. Defendants must answer the lawsuit or file a motion to dismiss by January 16, 2026. Thomas must respond to the motion to dismiss by February 6, 2026. Defendants may file a reply in support of the motion to dismiss by February 13, 2026.

Because I am allowing Thomas to file a Second Amended Complaint, I recommend Defendants' Motion to Dismiss Plaintiff's [First] Amended Complaint (Dkt. 54) be denied as moot.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 25th day of November 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE